RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/12/16
BY MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **LARRY ANDERSON** | **CIVIL ACTION NO. 2:15-01203** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **COUSHATTA CASINO RESORT** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a "Motion for Dismissal of Defendant, the Coushatta Tribe of Louisiana" (R. #18) wherein the movant seeks to have the instant matter dismissed (1) for lack of subject matter jurisdiction under the doctrine of sovereign immunity, (2) as time-barred (3) because plaintiff does not set forth any factual bases or allegations for wrongful or illegal termination under federal or state law.

## FACTUAL ALLEGATIONS

Plaintiff, Larry Anderson, worked in the Terrace Restaurant at the Coushatta Casino Resort in Kinder, Louisiana. In his complaint, Mr. Anderson alleges he was terminated on December 18, 2012 for insubordination and failure to comply with a supervisor's request. Plaintiff seeks compensatory damages, attorney fees and court costs.

## RULE 12(b)(1) STANDARD

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which

provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(1), a claim must be dismissed if the court "lacks the statutory authority or constitutional power to adjudicate the case."[1] The party seeking to invoke the court's subject matter jurisdiction has the burden of establishing that such jurisdiction exists.[2]

## LAW AND ANALYSIS

Suits against Indian Tribes are barred by sovereign immunity unless that immunity is explicitly waived.[3] A waiver of sovereign immunity must be sufficiently explicit.[4] There must be official government action (Statute, Ordinance or Resolution) that expressly and unequivocally waives immunity or empowers particular officers to waive immunity.[5] An Indian Tribe, through its laws, describes how and when they obtain a legally enforceable waiver of its sovereign immunity.[6] For a waiver of sovereign immunity to be effective, the waiver must be in compliance with the Tribal law.[7] The Tribe's Judicial Code expressly affirms it sovereign immunity and the limited method to effectuate a waiver. Title 1, § 1.105 provides as follows:

> The Coushatta Tribe of Louisiana, as a sovereign government, is absolutely immune from suit, and its Tribal Council, Judges, Appellate Judges, Ad-hoc Judges, officers, agents, and employees

---

[1] Home Builders Ass'n v. City of Madison, 143 F.3d 1006, 1010 (5th Cir 1998).
[2] St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1252 (5th Cir. 1998).
[3] Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 759, 121 S.Ct. 1808(1998); Bonnette v. Tunica-Biloxi Indians, 873 So.2d 1 (La. App. 3d Cir. 2003).
[4] Oklahoma Tax Commission v. Citizens Bank Potawatomi Indian Tribe, 498 U.S. 505, 509, 111 S.Ct. 905 (1991).
[5] Ranson v. Saint Regis Mohawk Education and Community Fund, Inc., 86 N.Y. 2nd 553, 658 N.E.2d 989 (1995).
[6] Danka Funding Company v. Sky City Casino, 747 A.2d 837, 329 N.J.Super. 357 (1999).
[7] Winnebago Tribe of Nebraska v. Kline, 297 F.Supp.2d 1291, 1303 (D.Kan.2004).

>shall be immune from any civil or criminal liability arising or alleged to arise from their performance or non-performance of their official duties. Nothing in this Code shall be deemed to constitute a waiver of the sovereign immunity of the Coushatta Tribe of Louisiana except as expressly provided herein or as specifically waived by a resolution or ordinance approved by the Tribal Council specifically referring to such.

Plaintiff has not provided this court with any authority for the Tribe's waiver of this sovereign immunity which would allow him to bring his claims in this court.

## CONCLUSION

The court finds that it lacks subject matter jurisdiction over this suit and therefor will grant the defendant's motion because the defendant has not waived its sovereign immunity. Because we have no jurisdiction over this case, we will not address defendant's other bases for potential dismissal of plaintiff's claims.

**THUS DONE AND SIGNED** in chambers on this 12th day of April, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT